UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LITECUBES, L.L.C., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:04CV00485 ERW |
| | ) | |
| NORTHERN LIGHT PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant's Motion for Summary Judgment for Patent Invalidity [doc. #70].

### I. BACKGROUND FACTS[1] AND PROCEDURAL HISTORY

Plaintiff Carl Vanderschuit is the owner of United States Patent No. 6,416,198 ("the '198 patent"). Plaintiff Litecubes, L.L.C. ("Litecubes") owns a license to manufacture and sell the patented device. In November 2003, Litecubes notified Northern Light Products, Inc., doing business as www.GlowProducts.com ("GlowProducts"), demanding that it cease selling its LED ice cube, claiming that it infringed its copyright and other intellectual property rights.

GlowProducts ceased offering that specific LED ice cube on its website. However, later that year, Defendant began selling the "8 Mode Multi Cube" and the "3 Setting Flashing Lighted Ice Cube." Again, Litecubes contacted Defendant and insisted that Defendant cease selling the

---

[1] The Court notes that GlowProducts failed to file an accompanying statement of uncontroverted facts as required by Local Rule 4.01(E). However, in this Court's discretion, for purposes of this Order only, the Court will construe the claim chart on pages 9-11 of its motion as its statement of undisputed facts. Furthermore, since GlowProducts' request was contained in its reply, and thus, Litecubes had no opportunity to respond, any "fact" contained in the claim chart that was not specifically controverted in Plaintiffs' response will not be deemed an admission by Plaintiffs. See Local Rule 4.01(E).

products. Plaintiffs filed suit against Defendant on April 23, 2004, alleging (1) Patent Infringement, (2) Copyright Infringement, (3) Unfair Competition, and (4) Trademark Infringement. Defendant has counterclaimed seeking (1) a declaratory judgment of invalidity and (2) a declaratory judgment of non-infringement.

Defendant filed a motion for partial summary judgment,[2] requesting the Court find claims 1 and 16 of the '198 patent invalid. Claim 1 of the '198 patent claims

> [a]n illuminatable beverage accessory device comprising: a. at least one light source; b. at least one power souce switchably connected to said light source; c. a cartridge having a light-source chamber to contain said light source, a power-source chamber below said light-source chamber, and two wire lead channels on the cartridge underside and in communication with said light-source chamber; d. a lid under said cartridge, said lid having a lid chamber mating with said power-source chamber to thereby contain said power-source therein and further having a power-switching means for powering said [sic] at least one light source into and from an on-light mode into and from an off-light mode; e. a housing covering said cartridge and said lid such that a cavity is defined therein and a water-tight integrity is maintained within said housing; and f. a filler within said cavity, said filler adapted to retain heat when said device is heated.

Claim 16 relates to the same type of beverage device, except the filler is "adapted to retain cold when said device is cooled."

## II. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Crumley v. City of St. Paul</u>, 324 F.3d 1003, 1006 (8th Cir. 2003). The United States

---

[2]Defendant's Motion for Summary Judgment will be construed as a partial motion for summary judgment as to claims 1 and 16 *only*. As Plaintiffs noted in their Response to Defendant's motion, Defendant only addressed the validity of claims 1 and 16. Defendant's request in its reply that the Court also consider the validity of claims 2-6 and 17-21 is inappropriate and will not be entertained by this Court. Any general references by the Court to the "claims," "claimed invention," "patent," "'198 patent," and "invention" in this Order refer only to claims 1 and 16 unless otherwise specified.

Supreme Court has noted that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 1).

"'By its terms, [Rule 56(c)(1)] provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no *genuine* issue of *material* fact.'" Hufsmith v. Weaver, 817 F.2d 455, 460 n.7 (8th Cir. 1987) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis added by Supreme Court)). Material facts are "those 'that might affect the outcome of the suit under governing law.'" Id. (quoting Anderson, 477 U.S. at 247-48).

Summary judgment will be denied due to a material issue of genuine fact if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." Crumley, 324 F.3d at 1006. Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, quoted in St. Jude Med., Inc. v. Lifecare Intern., Inc., 250 F.3d 587, 595 (8th Cir. 2001).

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. Crumley, 324 F.3d at 1006 (citing Lynn v. Deaconess Med. Ctr.-W. Campus, 160 F.3d 484, 487 (8th Cir. 1998)). The burden then shifts to the non-moving party who must set forth specific evidence showing that there is a genuine dispute as to material issues. Anderson, 477 U.S. at 249. To meet its burden, the non-moving party may not rest on the pleadings alone and must "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. "Rule 56 demands something more specific than the bald assertion

of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." Hilgraeve, Inc. v. Symantec Corp., 271 F.Supp.2d 964, 974 (E.D. Mich. 2003).

In analyzing summary judgment motions, the court must view the evidence in the light most favorable to the non-moving party. Crumley, 324 F.3d at 1008. The non-moving party is given the benefit of any inferences that can logically be drawn from those facts. Matsushita, 475 U.S. at 586. The court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." Kampouris v. St. Louis Symphony Soc., 210 F.3d 845, 847 (8th Cir. 2000). The court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." Id.

### III. DISCUSSION

"A patent issued from the United States Patent and Trademark Office (PTO) bears the presumption of validity under 35 U.S.C. § 282." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1365 (Fed. Cir. 2004). "In order to overcome the presumption of validity, the party challenging a patent must prove facts supporting a determination of invalidity by clear and convincing evidence." Apotex USA, Inc. v. Merck & Co., Inc., 254 F.3d 1031, 1036 (Fed. Cir. 2001). Defendant claims that the '198 patent is invalid because a prior art reference anticipated the claimed invention, or, at a minimum, various prior art references, in combination, made the claims obvious.

### A. Anticipation

35 U.S.C. Section 102(a) mandates that a patent will be invalid if "the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent." A party challenging a patent claiming that it was anticipated under a prior art category under § 102 must

4

provide clear and convincing evidence of "the presence in a single prior art disclosure of all elements of a claimed invention arranged as in that claim." Carella v. Starlight Archery and Pro Line Co., 804 F.2d 135, 138 (Fed. Cir. 1986). If the prior art reference contains all of the claim limitations, the patented invention is not novel and the claims have been anticipated.

GlowProducts argues that Plaintiffs' patent was anticipated by the European patent application of Berndt Diefenbach ("Diefenbach reference" - Def.'s Ex. D). The Diefenbach reference relates to the Diefenbach's proposed invention of various containers for solid and liquid foodstuffs. The reference gives a lengthy description of the possible embodiments of the invention. Defendant claims that Figures 18,[3] 20 and 21 disclose each and every claim contained in the '198 patent. Specifically, GlowProducts argues that the three embodiments of the invention in Figures 18, 20 and 21 can be combined to anticipate the invention claimed in the '198 patent. Litecubes disagrees with GlowProducts and points to the rule of law recited in Richardson v. Suzuki Motor Co., Ltd., 868 F.2d 1226, 1236 (Fed. Cir. 1989) which states that in order for a prior art reference to anticipate another invention, "[e]very element of the claimed invention must be literally present, arranged as in the claim." GlowProducts argues in response that Richardson is more than fifteen years old and that the cited language was dicta. Although this Court agrees that the language "arranged as in the claim" is dicta in Richardson, the rule recited in Richardson is an accurate description of the necessary condition that a prior art reference disclose the limitations as they are arranged in the claimed invention. For example, in Lindemann Maschinenfabrik GMBH v. Am. Hoist & Derrick Co., the Court analyzed defendant's assertion that plaintiff's patent claims were anticipated by a prior art reference. 730 F.2d 1452, 1458-59 (Fed. Cir. 1984).[4] The Federal Circuit reversed a lower court's decision as clearly erroneous

---

[3] Figure 19 is a sectional view through an illuminant according to the embodiment in Figure 18, and therefore, will not be discussed separately from Figure 18.

[4] In anticipation of concerns by the parties of the age of this case, the Court notes that Lindemann is still the law, and thus, is binding upon this Court.

because "[t]he district court's analysis treated the claims as mere catalogs of separate parts, in disregard of the part-to-part relationships set forth in the claims and that give the claims their meaning." Id. at 1459.

Like the district court in Lindemann, Defendant attempts to pick and choose characteristics of the separate invention embodiments in the Diefenbach reference and compare them to the individual claims of the '198 patent. None of the embodiments in the Diefenbach reference contain all of the limitations contained in either claim 1 or claim 16 of the '198 patent. Plaintiff points out that (1) Figure 18 does not disclose: (a) at least one light source, (b) at least one power source switchably connected to the light source, (c) a cartridge having a light source chamber to contain the light source, (d) power source chamber, or (e) two wire lead channels; (2) Figure 20 does not disclose: (a) a cartridge having a light source chamber to contain the light source, (b) a power source chamber below the light source chamber, and (c) the lid under the cartridge which has a lid chamber mating with the power source chamber; (3) Figure 21 does not disclose: (a) a cartridge having a light source chamber to contain the light source, (b) a power source chamber below the light source chamber, (c) a lid under the cartridge that has a lid chamber mating with the power source chamber, or (d) a filler. Defendant does not seem to dispute that the individual embodiments lack all of the elements of the claims. Because the Diefenbach reference does not disclose every element, *as they are arranged* in the '198 patent, this Court holds that claims of Plaintiffs' patent were not anticipated.

**B. Obviousness**

GlowProducts argues that even if the Diefenbach reference does not anticipate the '198 patent, it, along with the Marshall patent and Kolb patent, make the '565 patent obvious. 35 U.S.C. Section 103(a) mandates that

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention

6

> was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

If the claims of an invention are not identical to the elements of a single prior art reference, the claims will not be considered anticipated. However, if the prior art reference would enable a person with ordinary skill in the art to make and use the claimed invention without undue experimentation, the invention is considered to be obvious. The party seeking to invalidate a patent based on obviousness must establish all the facts by clear and convincing evidence. Carella, 804 F.2d at 138.

In order to show that an invention was obvious based on prior art references, the Court must consider (1) "the scope and content of the prior art;" (2) "differences between the prior art and the claims at issue;" and (3) "the level of ordinary skill in the pertinent art." Id. at 139 (reciting the test set forth in Graham v. John Deere Co., 383 U.S. 1 (1966)). Further, "secondary considerations as commercial success, long felt but unsolved need, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented." Id.

"The necessity of Graham findings is especially important where the invention is less technologically complex" because "the very ease with which the invention can be understood may prompt one to fall victim to the insidious effect of a hindsight syndrome wherein that which only the inventor taught is used against its teacher." Ruiz v. A.B. Chance Co., 234 F.3d 654, 664 (Fed. Cir. 2000) (internal citations and quotations omitted); McGinley v. Franklin Sports, Inc., 262 F.3d 1339, 1351 (Fed. Cir. 2001) ("The genius of invention is often a combination of known elements which in hindsight seems preordained" and "the opportunity to judge by hindsight is particularly tempting."). At the outset, the Court notes that GlowProducts contends that the '198

patent "constitutes the most basic of technology."[5] This Court agrees that the technology encompassed in the claims is not extremely technical, and thus, will be vigilant so as not to improperly view the claims as obvious based only on hindsight. See McGinley, 262 F.3d at 1351.

One consideration of the Court is that "[e]ven if all its limitations could be found in the total set of elements contained in the prior art references, a claimed invention would not be obvious without a demonstration of the existence of a motivation to combine those references at the time of the invention." Nat'l Steel Car, Ltd. v. Canadian Pacific Ry., Ltd., 357 F.3d 1319, 1337 (Fed. Cir. 2004); Crown Operations Intern., Ltd. v. Solutia Inc., 289 F.3d 1367, 1376 (Fed. Cir. 2002) (must be a "suggestion within the prior art" to "to look to particular sources, to select particular elements, and to combine them as combined by the inventor"). Similarly, "the same inquiry must be carried out in the context of a purported obvious 'modification' of the prior art." In re Fritch, 972 F.2d 1260, 1266 (Fed. Cir. 1992). A modification will not be considered obvious "unless the prior art suggested the desirability of the modification." Fritch, 972 F.2d at 1266. In Ruiz, the court pointed out that

> [b]ecause there is a general rule that combination claims can consist of
> combinations of old elements as well as new elements, the notion that
> combination claims can be declared invalid merely upon finding similar elements
> in separate prior patents would necessarily destroy virtually all patents and
> cannot be the law under the statute, § 103.

234 F.3d at 665 (internal quotations and citations omitted). "Determining whether there is a suggestion or motivation to modify a prior art reference is one aspect of determining the scope and content of the prior art, a fact question subsidiary to the ultimate conclusion of obviousness." Ruiz, 234 F.3d at 664-65 (quoting SIBIA Neurosciences, Inc. v. Cadus Pharma. Corp., 225 F.3d 1349, 1356 (Fed. Cir. 2000)); McGinley, 262 F.3d at 1351. In order to resolve this factual

---

[5]Defendant also makes an unsupported claim that the "common reaction to the '198 patent is amazement that a patent was ever issued on such a simple device."

question relating to the "motivation to combine," the party seeking to invalidate the patent must provide clear and particularized actual evidence. Group One, Ltd. v. Hallmark Cards, Inc., 407 F.3d 1297, 1304 (Fed. Cir. 2005) (quoting Teleflex, Inc., v. Ficosa N. Am. Corp., 299 F.3d 1313, 1334 (Fed.Cir.2002)).

Initially, a court should look to the first Graham factor, the scope and content of the prior art, in order to determine whether there was a motivation to combine prior references. McGinley, 262 F.3d at 1351. The court will also analyze any other relevant Graham factors. Id. With the court's analysis

> [t]he reason, suggestion, or motivation to combine may be found explicitly or implicitly: 1) in the prior art references themselves; 2) in the knowledge of those of ordinary skill in the art that certain references, or disclosures in those references, are of special interest or importance in the field; or 3) from the nature of the problem to be solved, "leading inventors to look to references relating to possible solutions to that problem.

Ruiz, 234 F.3d at 665.

GlowProducts argues that if Litecubes had disclosed (1) the Diefenbach reference, (2) Ms. Kolb's U.S. Patent No. 5,603,219 and (3) Mr. Marshall's U.S. Patent No. 4,354,189 during its patent prosecution, the Examiner would have rejected Plaintiffs' claims for obviousness. On the other hand, Plaintiffs claim that the Litecube was a success because no other beverage accessory could safely house a light, battery, the requisite electrical connections between the light and battery, and a filler to retain heat or cold in a device that did not leak. While Plaintiffs admit that many or all of the individual elements of the Litecube existed in prior art, they claim that no prior art reference combined all of the elements or suggested a motivation to do so.

The Diefenbach reference, as previously discussed, disclosed various embodiments of containers for solid and liquid foodstuffs that were to be fitted with light and/or sound sources. Four of the figures in the reference relate to a "beverage accessory device" in the shape of an ice cube. The different figures use some of the various elements that are present in the claims of the

9

'198 patent. For example, the reference discloses a light source[6] in one embodiment and a filler with heat retaining properties[7] in another embodiment. However, the embodiments never disclose the desirability of all the claims in the '198 patent being combined in one embodiment, nor does the reference suggest such a combination.[8]

Patent No. 5,603,219 is owned by Ms. Anke Kolb. The claims disclose an ice cube with a freezable liquid inside for cooling drinks. Kolb's patent indicates a preference for filling the cube with distilled water which will not be harmful to the user if the cube should leak. The patent does not disclose the use of a light source inside the cube. Like the Diefenbach reference, the Kolb patent does not suggest a motivation to combine its claims with claims of other prior art references.[9]

Patent No. 4,354,189 is owned by Mr. Randall Marshall. The claims of the Marshall patent also discloses plastic ice cubes with a filler such as water. Like the Kolb patent, it does not disclose any limitation relating to a light source inside the cube. Like the Diefenbach reference and Kolb patent, the Marshall patent does not suggest a motivation to combine its claims with

---

[6]During the Markman briefing period Defendant only disputed the construction of one phrase, "adapted to retain heat (cold) when said device is heated (cooled)." Thus, the Court adopted the remaining definitions of terms proffered by Litecubes. In its Markman brief, Litecubes defined "light source" as "any device serving as a source of illumination."

[7]The embodiment also discloses that the filler will be luminescent, and thus, seems to teach away from adding a battery/bulb or battery/diode as a light source as it is used in the Litecube.

[8]Defendant relies on obviousness rejections by the European Patent Office to show the obviousness of Plaintiffs' claims. Instead, this Court relies on its own analysis of the '198 patent claims as they compare to the Diefenbach reference. See Heidelberger Druckmaschinen AG v. Hantscho Commercial Products, Inc., 21 F.3d 1068, 1072 n.2 (Fed. Cir. 1994) (warning that "[c]aution is required when applying the action of a foreign patent examiner to deciding whether the requirements of 35 U.S.C. § 103 are met under United States law.")

[9]The timing of Mr. Vanderschuit's awareness of Ms. Kolb's patent is irrelevant to the motion currently before the Court.

claims of other prior art references. None of the prior art references suggest such a motivation to combine the claims as they are combined in the '198 patent.

Furthermore, Plaintiffs have provided evidence that, for those of ordinary skill in the art, Plaintiffs' invention was of special interest or importance in the field. For example, Plaintiffs remonstrate that the Kolb patent discloses problems with creating a water tight housing for the filler, a problem allegedly solved by the Litecube. The industry acclaimed the device as a "curiosity" and newspapers and magazines proclaimed the Litecube as an "innovative new product" and "an idea with a lot of merit." Finally, the fact that the device has been commercially successful and has spawned significant copycat products suggests that the Litecube was of special interest in the field. See Ruiz, 234 F.3d at 665. GlowProducts offers no persuasive evidence to the contrary; instead, it claims only that Plaintiffs have provided no data specifically linking its success with its innovativeness. The Court disagrees finding that Plaintiffs have provided affadavits claiming that those in the industry considered the Litecube to be "an innovative product" and "a clever idea." At a minimum, there is a question of fact as to whether the innovativeness of the device led to its commercial success.

Defendant has provided the Court with evidence that the individual elements of the '198 patents claims existed prior to Mr. Vanderschuit inventing the Litecube. Indeed, Defendant created a claim chart and compared each limitation in the '198 patent to elements existing in prior art references. Nevertheless, GlowProducts has not provided the Court clear and convincing evidence that any of the alleged prior art references contained a suggestion or motivation to combine all of the elements as they were combined by Plaintiffs. See Nat'l Steel Car, Ltd., 357 F.3d at 1337; Crown Operations Intern., Ltd., 289 F.3d at 1376; Fritch, 972 F.2d at 1266. Assuming arguendo that all of the individual limitations of the '198 patent are present in at least one of the prior art references cited by GlowProducts, it is not enough that all of the "limitations could be found in the total set of elements contained in the prior art reference." Nat'l Steel Car,

11

Ltd., 357 F.3d at 1337. Instead, for a finding of obviousness, GlowProducts would have to demonstrate that there existed a motivation to combine all the elements as they are combined in Plaintiffs' '198 patent. The Court holds that GlowProducts has failed to provide the clear and particularized evidence necessary, and thus, this Court is unable to find the '198 patent claims obvious. See Group One, Ltd., 407 F.3d at 1304.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment for Patent Invalidity [doc. #70] is **DENIED**.

Dated this 2nd day of August, 2005.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE