UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LITECUBES, L.L.C., et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:04CV00485-ERW |
| ) | |
| NORTHERN LIGHT PRODUCTS, INC., ) | |
| d/b/a GlowProducts.com, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs Litecubes L.L.C. and Carl R. Vanderschuit ("Plaintiffs") Motion For Sanctions for Violation of Court Order [doc. #256].

**I. BACKGROUND**

Plaintiffs filed a patent infringement action against Defendant Northern Light Products Inc. on April 23, 2004. The case went to trial on October 7, 2005, and a jury returned a verdict in favor of Plaintiffs in an amount of $150,000.00. Following the jury verdict, Plaintiffs filed a motion for permanent injunction, which this Court granted on August 25, 2006. The injunction stated:

> GlowProducts and each of its agents, affiliates, successors, servants, and employees, and any and all other persons or entities acting under GlowProducts' authority, are hereby enjoined from: (1) at any time on or before July 28, 2020, making, using, offering for sale or selling in the United States or importing into the United States products which infringe U.S. Patent No. 6,416,198 ("the '198 patent") or (2) infringing U.S. Copyright Registration No. VA 1-117-699 ("the '699 copyright") by reproduction, preparing a derivative work, distribution, display, or claim authorship of any work that is substantially similar to the work depicted in the '699 copyright.

1

On January 17, 2007, Plaintiffs filed the pending motion for sanctions for violation of this Court's August 25, 2006 order for permanent injunction.

## II. LEGAL STANDARD

The Patent Act gives federal courts authority to grant permanent equitable relief to patent holders. 35 U.S.C. § 283 ("The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable."). Federal Rule of Civil Procedure 65(d)[1] grants district court's the authority to enter an injunction, and such injunction is enforceable through the contempt procedures provided in 18 U.S.C. § 401. That statute states "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as. . .(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3).

When a motion for contempt is presented in a patent infringement action there are two questions that must be addressed by the district court. "[T]he initial question to be answered. . . is whether contempt proceedings are appropriate. . .. The second question [is] whether an injunction against infringement has been violated." *KSM Fastening Systems, Inc. v. H.A. Jones Co., Inc.*, 776 F.2d 1522, 1532 (Fed. Cir. 1985). In determining whether contempt proceedings are appropriate, the trial court must judge "whether substantial disputed issues must be litigated."

---

[1]This Rule states:
Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.
Fed. R. Civ. P. 65(d).

*Id.* In addressing the second question, the trial court must, at a minimum, make "a finding that the accused device is an infringement." *Id.*

### III. DISCUSSION

Plaintiffs assert that contrary to this Court's order, the Defendant continues to offer for sale and to import into the United States a lighted ice cube product ("new cube") that is substantially similar to the lighted ice cube product which was adjudged to infringe claims of the '198 patent ("old cube"). In support of these statements Plaintiffs have submitted copies of an expert report which finds that the new ice cubes infringe the original patent, as well as this Court's injunction. The Defendant argues that Plaintiffs have failed to supply sufficient evidence to support a contempt ruling by this Court. Specifically, the Defendant argues that the Plaintiffs' expert testimony shows that the new lighted ice cube is different from the old cube, and therefore, a new patent infringement suit is required.

The first question is whether a contempt proceeding is the appropriate procedural mechanism for addressing whether the new cube infringes the original patent, and violates this Court's injunction. *KSM Fastening Systems Inc.*, 776 F.2d at 1532. The critical question in deciding whether contempt proceedings are appropriate is "whether substantial open issues of infringement" exist. *Stryker Corp. v. Davol Inc.*, 234 F.3d 1252, 1260 (Fed. Cir. 2000); *see also KSM Fastening Systems Inc.*, 776 F.2d at 1532 ("If there are substantial open issues with respect to infringement to be tried, contempt proceedings are inappropriate."). In the case at bar, Plaintiffs have provided sufficient evidence that the new cubes are substantially similar to the old cubes. Plaintiffs provided an expert report, in which an analysis of the new cubes was performed, and they were found to be substantially the same, with the exception that the gel-like filler material appeared to retain heat and cold more effectively than the old cube. The appearance,

design, and function of the new and old cubes was identical. As the Federal Circuit held "[w]here the alteration in the device is merely colorable and obviously was made for the purpose of evading the decree without essential change in the nature of the device, the courts will try the question of infringement by the new device in proceedings for contempt for violation of the injunction." *KSM Fastening Systems, Inc.*, 776 F.2d at 1531. This is clearly the case in with the new cubes. The expert testimony shows that all elements of the new cubes are the same as those found to be infringing, and in fact the filler material, retains cold better than that which was found to be infringing at trial.

The second question, whether the injunction against infringement has been violated is easily addressed. As noted above, in order to find infringement of the Court's injunction, the new product must be found to infringe the patent. *KSM Fastening Systems, Inc.*, 776 F.2d at 1532. The expert testimony provided by Plaintiffs specifically states that the new lighted ice cube infringes on patent '198, and violates the Court's injunction. The Defendant does not present evidence refuting the Plaintiffs' expert report, but rather contends that because the expert testimony states that the new device retains cold more effectively than the old cube, the Court should not entertain a motion for contempt. However, the patent in question protects a lighted ice cube product which has the ability to retain heat and cold. There is no question that the other elements of the claim were infringed by both the old cube and the new cube, with the only remaining question being whether it had enhanced ability to retain heat or cold. The expert report presented by Plaintiffs sufficiently supports this finding.

## IV. CONCLUSION

Due to the continued infringement of this Court's order enjoining the Defendant from "making, using, offering for sale or selling in the United States or importing into the United States

products which infringe U.S. Patent No. 6,416,198. . .," this Court finds the Defendant to be in Contempt. For each day that the Defendant continues to sell the Lighted Ice Cube products on its website, the Defendant will be fined $5,000.00, effective March 22, 2007.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Northern Light Products, Inc. is in Contempt of this Court's August 25, 2006 order.

**IT IS FURTHER ORDERED** that Defendant Northern Light Products, Inc. will pay $5,000.00 per day to the Clerk of the Court, until they cease sale of the infringing lighted ice cube products.

Dated this 21st Day of March, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE